**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DISABILITY RIGHTS MISSISSIPPI**                                               **PLAINTIFF**

**V.**                                                             **CAUSE NO. 3:13-CV-547-HTW-LRA**

**MISSISSIPPI CHILDREN'S HOME**                                         **DEFENDANT**
**SERVICES**

<u>**MEMORANDUM BRIEF IN SUPPORT OF PLAINTIFF'S**</u>
<u>**MOTION TO DISMISS COUNTERCLAIM**</u>

Plaintiff Disability Rights Mississippi ("DRMS") hereby files this memorandum brief in support of its motion to dismiss counterclaim. Defendant Mississippi Children's Home Services' counterclaim is due to be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim.

Defendant has no standing to claim that the Fourth Amendment is violated when residents of its psychiatric facility voluntarily speak with DRMS monitors. That right belongs to the residents, who may at any time agree to speak with DRMS monitors, decline to speak with DRMS monitors, or end an interview they initially agreed to. *See* 42 C.F.R. § 51.42(c)-(d). Because Defendant lacks standing, there is no subject matter jurisdiction over the counterclaim.

Defendant also has failed to state a claim pursuant to the Fourth Amendment. The Fourth Amendment protects persons from unreasonable governmental intrusion. It does not apply to private nonprofit organizations like DRMS.

For similar reasons, Defendant cannot state a claim against DRMS under 42 U.S.C. § 1983. That statute authorizes suits only against governmental actors. DRMS is not a governmental actor.

DRMS respectfully submits that the counterclaim should be dismissed with prejudice.

**FACTUAL BACKGROUND**

DRMS is a nonprofit organization with a federal mandate to protect and advocate for persons with disabilities, including persons with mental illness. Docket No. 18, at 7. It is sometimes referred to as a "protection and advocacy system" ("P&A system"). *Id.* Defendant is a nonprofit organization that operates a 60-bed psychiatric residential treatment facility ("PRTF") in Jackson, Mississippi. *Id.* at 7-8.

Since July 30, 2013, DRMS has sought to conduct a routine monitoring visit to Defendant's facility, as it does at other PRTFs in the State of Mississippi. Docket No. 1-3. Defendant permitted DRMS to tour its facility. Docket No. 20, at 8. Defendant also conceded that DRMS was entitled to interview one child during DRMS's investigation of a serious incident report. *Id.*; *see also* Docket No. 23, at 5.

The dispute in this litigation concerns Defendant's refusal to provide DRMS full monitoring access to the facility. Specifically, Defendant refuses to let its residents volunteer to speak with DRMS monitors. Docket No. 23, at 2.

In its counterclaim, Defendant argues that DRMS's request to speak with residents during a monitoring visit is actually "an unlimited and unfettered open-ended general operational *investigation*." Docket 18, at 8 (emphasis added). This "investigation" allegedly exceeds DRMS's authority under federal law and constitutes a violation of the Fourth and Fourteenth Amendment rights of Defendant and its residents.[1] *Id.* at 9-10.

---

[1] As explained in DRMS's earlier filings, a monitoring visit and an investigative visit are legally and factually distinct. *See* Docket No. 23, at 7-9. While DRMS must take Defendant's factual allegations as true for purposes of this motion, the Court may take judicial notice of the legal distinctions between monitoring and investigative access. *Compare* 42 C.F.R. § 51.42(b) *with* 42 C.F.R. § 51.42(c).

Defendant says it has standing to bring its counterclaim "because it and its residents are suffering an injury." *Id.* at 10. It claims jurisdiction is provided in part by "28 U.S.C. § 1983." *Id.* at 7.

## LEGAL STANDARDS

### A.  Rule 12(b)(1) – Dismissal for Lack of Subject Matter Jurisdiction

"A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction." *Lambus v. Jatran*, No. 3:07-CV-288, 2008 WL 872297, at *1 (S.D. Miss. Mar. 27, 2008) (Wingate, J.) (citing Fed. R. Civ. P. 12(b)(1)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Id.*

### B.  Rule 12(b)(6) – Dismissal for Failure to State a Claim

"Motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure address the sufficiency of pleadings." *Parker v. Byrd & Wiser*, 947 F. Supp. 245, 247 (S.D. Miss. 1996) (Wingate, J.). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and citations omitted). When considering such a motion, the court "accept[s] all well pleaded facts as true, viewing them in the light most

favorable to the plaintiff." *United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 727 F.3d 343, 346 (5th Cir. 2013) (quotation marks and citation omitted).

## ARGUMENT

**A.** **Defendant's Fourth Amendment Theory Fails for Lack of Subject Matter Jurisdiction and Failure to State a Claim**

To be clear, both parties agree that the federal law at the heart of this case, the Protection and Advocacy for Individuals with Mental Illness ("PAIMI") Act, 42 U.S.C. §§ 10801 *et seq.*, is constitutional. Defendant concedes that "[t]he limitations imposed by the [PAIMI] Act prevent unreasonable searches and seizures that are prohibited by the Fourth Amendment of the United States Constitution." Docket No. 18, at 9.

The limitations imposed by the PAIMI Act are found in its implementing regulations. They state that a P&A system such as DRMS has the right to access mental health facilities to "[m]onitor[] compliance with respect to the rights and safety of residents" and "meet and communicate privately with individuals" living in the facility, among other things. 42 C.F.R. § 51.42(c)-(d). The regulations also require DRMS to "honor a resident's request to terminate an interview." *Id.* § 51.42(c). That means interviews are purely voluntary.

Defendant's counterclaim argues that DRMS seeks to exceed the limits of the PAIMI Act and its regulations in a way that will violate the Fourth Amendment. Docket No. 18, at 9.

**1.** **Defendant Lacks Standing to Claim a Fourth Amendment Violation for its Residents**

The standing doctrine exists in part to ensure that federal jurisdiction is limited to cases and controversies "which are appropriately resolved through the judicial process." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks and citation omitted); *see* U.S. Const. art. III, § 2, cl. 1. To have standing, "the plaintiff must have suffered an injury in fact—an

invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (quotation marks and citation omitted). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations omitted). "The party invoking federal jurisdiction bears the burden of establishing [standing]." *Lujan*, 504 U.S. at 561 (citations omitted).

A party generally lacks standing to claim a Fourth Amendment violation on behalf of another person. The Fifth Circuit "adhere[s] to the general rule that Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *United States v. Fredericks*, 586 F.2d 470, 480 (5th Cir. 1978) (citations and ellipses omitted); *see San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 704 (5th Cir. 1991) (concluding that business owner had "no standing to assert the rights of third parties who may have been subjected to such searches or seizures" at the business); *Enclave Arlington Assocs. Ltd. v. City of Arlington, Tex.*, 401 F. App'x 936, 938 (5th Cir. 2010) (concluding that landlord had no standing to assert tenants' Fourth Amendment rights).

Here, Defendant has no standing to argue that the voluntary interviews DRMS seeks to conduct with residents violate the Fourth Amendment. First, Defendant suffers no legal injury when a resident makes a voluntary decision to speak to an independent monitor. In Fourth Amendment terms, the resident has the right to give or withhold consent to such an interview. Nor can a facility prevent a resident from exercising his or her right to speak to an independent

monitor under the PAIMI Act regulations. *See* 42 C.F.R. § 51.42(c). That right belongs to the resident alone.

Second, Defendant has not shown that a Fourth Amendment violation is actual or imminent. DRMS seeks to conform its activities to those authorized by the PAIMI Act, a law Defendant concedes is constitutional. Defendant's counterclaim has not alleged facts showing how DRMS's requests to conduct a monitoring visit have exceeded or will exceed the PAIMI Act. Defendant's theory that DRMS somehow *will* exceed the protections contained in the PAIMI Act is "conjectural or hypothetical." *Lujan*, 504 U.S. at 560.

Because Defendant cannot meet the injury in fact requirement, its counterclaim should be dismissed for lack of standing.

### 2.     Defendant Waived Its Own Fourth Amendment Claims

Defendant's counterclaim also alleges that DRMS's monitoring activities will violate Defendant's *own* Fourth Amendment rights. Docket No. 18, at 9-10. Defendant fails to disclose that it repeatedly consented to DRMS's entry onto its premises and conversations with staff members.

These facts are undisputed: in August 2013, Defendant consented to DRMS's tour of its facility. Docket No. 23, at 5. Also that month, Defendant voluntarily granted a meeting between DRMS staff and its General Counsel. *Id.* As recently as December 2013, in fact, Defendant admittedly continues to offer DRMS a tour and meeting with its staff members. Docket No. 23-1.

Defendant cannot repeatedly consent to DRMS's entry onto its premises, but then claim that its Fourth Amendment rights are being violated. Such a claim was waived and rendered moot by Defendant's own conduct. Defendant has forfeited a counterclaim grounded in its own distinct Fourth Amendment interests.

**3.** **Defendant Cannot State a Fourth Amendment Claim Against a Private Actor**

In addition to the jurisdictional issues, Defendant fails to state a Fourth Amendment claim against DRMS. DRMS is not a governmental actor subject to the Fourth Amendment.

"It is well-settled that the protection provided by the Fourth Amendment proscribes only governmental action, and that private party searches of property, even if wrongfully conducted, do not raise Fourth Amendment implications." *United States v. Paige*, 136 F.3d 1012, 1017 (5th Cir. 1998) (citation omitted); *see also United States v. Oliver*, 630 F.3d 397, 406 (5th Cir. 2011) ("The Fourth Amendment does not protect against searches conducted by private individuals acting in a private capacity."); *Campbell v. McAlister*, 162 F.3d 94 (5th Cir. 1998) ("A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or a sufficient show of authority, restrained an individual's liberty.").

DRMS is a private nonprofit organization, not a government actor. Defendant admits that in its counterclaim when it states that "DRMS is a not for profit company . . . ." Docket No. 18, at 7; *see also* Docket No. 18, at 7 ("DRMS is a private entity . . . .").

Private entities can be subject to Fourth Amendment scrutiny when there is record evidence that (1) "the government knew of or acquiesced in the intrusive conduct of [the private entity], and (2) that [the private entity] intended to assist law enforcement efforts in conducting their search." *Paige*, 136 F.3d at 1017; *see also United States v. Grimes*, 244 F.3d 375, 383 (5th Cir. 2001) (same); *United States v. Bazan*, 807 F.2d 1200, 1202-03 (5th Cir. 1986) (same). But Defendant has not made either of those allegations.

The United States District Court for the Northern District of Iowa has firmly rejected the "absurd" notion that a P&A system is a governmental actor for purposes of the Fourth Amendment:

> The only connections between the government and IP&A [Iowa's P&A system] are that IP&A is government-funded and IP&A exists because of the federal PAMII Act. IP&A is a private, non-profit corporation, not a government agency. To follow the analysis of [Defendant] would result in the absurd notion that any private group which receives federal funding is a government actor for purposes of the Fourth Amendment, regardless of the fact the government is not otherwise involved in the organization.

*Iowa Prot. & Advocacy Servs., Inc. v. Tanager Place*, No. 04-0069, 2004 WL 2270002, at \*15 (N.D. Iowa Sept. 30, 2004). While this decision was later vacated for mootness – the Iowa P&A's investigation[2] closed during the pendency of the appeal – this conclusion is persuasive and equally applicable to DRMS. *See Iowa Prot. & Advocacy Servs. v. Tanager, Inc.*, 427 F.3d 541 (8th Cir. 2005).

Because DRMS is a private actor not subject to Fourth Amendment scrutiny, Defendant's Fourth Amendment counterclaim fails to state a claim on which relief may be granted. This is true regardless of whose Fourth Amendment rights Defendant claims to be asserting.

**B.    Defendant Cannot State a § 1983 Claim Against a Private Entity**

Defendant claims that DRMS "may be sued under 28 U.S.C. § 1983." Docket No. 18, at 7. Defendant presumably intended to invoke 42 U.S.C. § 1983, which allows suits to be brought against government actors.

Defendant cannot state a § 1983 claim against DRMS. DRMS is a private nonprofit, not a governmental actor. *See, e.g.*, *Denson v. Merchants & Farmers Bank*, 946 F. Supp. 470, 475 (S.D. Miss. 1996) (Wingate, J.) (dismissing § 1983 claim brought against private parties).

**C.    DRMS Seeks to Proceed With Its Motion for Preliminary Injunction, Notwithstanding the Local Rules' Automatic Stay**

Local Uniform Civil Rule 16(b)(3)(B) states that the filing of a "jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to

---

[2] The Iowa P&A was apparently conducting an investigation. DRMS is not conducting an investigation. *See* Docket No. 23, at 9-10.

the issue pending the court's ruling on the motion, including any appeal." Local Rule 16 also provides that when such a motion is filed, "the moving party must submit to the Magistrate Judge a proposed order granting the stay." Local Uniform Civil Rule 16(b)(3)(C). In conformance with the Local Rules, DRMS will today submit a proposed order to the Magistrate Judge staying the disclosure requirements and discovery not related to the subject of this motion.[3]

DRMS respectfully asks that the Court decline to stay the entire case.

DRMS moved for a preliminary injunction on September 6, 2013. Docket No. 2. It is suffering actual irreparable harm because Defendant is blocking DRMS from fulfilling its federal mandate to protect and advocate for children housed in Defendant's psychiatric facility. Docket No. 3, at 13-15. The motion is now fully briefed and, as explained in DRMS's rebuttal, does not hinge on any discovery. *See* Docket No. 23, at 18-21. Because DRMS is ready to proceed to a hearing on injunctive relief, it respectfully asks that the case not be stayed in its entirety.

## CONCLUSION

For these reasons, DRMS respectfully asks the Court to dismiss Defendant's counterclaim with prejudice.

**RESPECTFULLY SUBMITTED**, this the third day of January, 2014.

**DISABILITY RIGHTS MISSISSIPPI**

*s/ Andrew Canter*
Jody E. Owens II, MSB # 102333
Andrew Canter, MSB # 102906
SOUTHERN POVERTY LAW CENTER
111 East Capitol Street, Suite 280
Jackson, MS 39201
601-948-8882 (phone)

---

[3] The attorney conference has already been conducted in accordance with the schedule set forth in the Magistrate Judge's Rule 16(a) Initial Order. *See* Docket No. 21, at 1.

601-948-8885 (fax)

Jerri Katzerman, AZ Bar # 013895*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
334-956-8320 (phone)
334-956-8481 (fax)

Wendy Wilson-White, MSB # 100409
DISABILITY RIGHTS MISSISSIPPI
210 East Capitol Street, Suite 600
Jackson, Mississippi 39201
601-968-0600 (phone)
601-968-0665 (fax)

Ira Burnim, D.C. Bar # 406145*
JUDGE DAVID L. BAZELON CENTER FOR
MENTAL HEALTH LAW
1101 15th Street NW, Suite 1212
Washington, DC 20005
202-467-5730 (phone)
202-223-0409 (fax)

*pro hac vice application forthcoming

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that I have this day electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all counsel of record.

This the third day of January, 2014.

*s/ Andrew Canter*